**Vinnie CHIECO, an individual, Plaintiff—Appellant,**

v.

**WILLIS & GEIGER, a Wisconsin corporation; Lands' End, a Wisconsin corporation, Defendants—Appellees.**

Nos. 01–16926, 01–17479, 01–17501, 02–15166.

D.C. No. CV–99–03986–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Nov. 17, 2004.

Law Offices of Stefanie Brown, Boulder City, NV, for Plaintiff–Appellant.

Michael K. Kelly, Wendy S. Neal, Douglas W. Seitz, Snell & Wilmer, Phoenix, AZ, Jonathan D. Jay, Mark D. Lofstrom, Patterson Thuente Skaar & Christensen, PA, Minneapolis, MN, Dennis J. Kelly, Zelle Hofmann Voelbel Mason & Gette LLP,

San Francisco, CA, for Defendants–Appellees.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM *

Vinnie Chieco, an independent copywriter, successfully sued Lands' End and Willis & Geiger, a now defunct subsidiary of Lands' End, for copyright infringement. The jury awarded Chieco zero dollars in actual damages and $32,700 in statutory damages. Chieco appeals various rulings by the district court relating primarily to his claim for damages. We AFFIRM.

■ First, Chieco argues that the district court abused its discretion by denying his Federal Rule of Civil Procedure 50(b) motion for judgment as a matter of law. Because Chieco made no Rule 50(a) motion at the close of all the evidence, the district court was within its discretion to deny his Rule 50(b) motion. *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1428 (9th Cir.1986).

■ Second, Chieco also argues on appeal that the district court abused its discretion in refusing to instruct the jury on vicarious infringement, contributory infringement, and imputed knowledge. Because there was no evidence in the record that Willis & Geiger employees knew of the infringement or had any ability to control the infringing activities, all three requested instructions were properly refused. *See, e.g., Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (contributory infringement requires knowledge of the infringing activities); *id.*

at 262 (vicarious liability requires that the individual have the right and ability to supervise the infringing activity).

■ Third, Chieco appeals the district court's admission of testimony from Dr. Matthew Lynde, Lands' End's expert witness. Although the required procedure when objection is made to the propriety of an expert witness is to make a determination of reliability on the record for any witness offered under Federal Rule of Evidence 702 or 703, *see Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir.2002), even assuming that the district court did not make the required determination, any error on this record was harmless. The jury did not accept Lynde's expert testimony regarding Chieco's claimed actual damages, and awarded zero damages.

Fourth, Chieco argues that the district court made certain statements that prejudiced him and improperly influenced the jury's damages award. To the contrary, the record indicates that the district court exhibited exemplary patience during a complicated two-week trial. Moreover, Chieco's argument is predicated on his mischaracterization of the district court judge's statements that had no prejudicial effect on Chieco. *See, e.g., Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 780 (9th Cir.1990) (judicial comments that may be misunderstood out of context are not necessarily prejudicial). In any event, the district court judge clarified his statements, curing any possible prejudicial effect.

Additionally, Chieco argues that the district court erred by omitting a line from the special jury verdict form regarding the calculation of actual damages. The special

---

verdict form was an accurate statement of the law. There was no error.

Finally, on the cross-appeal in No. 01–17501, the district court did not abuse its discretion in denying each party its attorneys' fees.

Each party shall bear its own costs.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.